IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
************************************************************************
IN RE:                          :
                                :
CHRISTOPHER M. BARLETTA         :   CASE NO. 5:10-
a/k/a Christopher Michael       :
Barletta                        :
a/k/a Christopher Barletta      :
a/k/a Chris Barletta            :
d/b/a CBR Construction, LLC     :
                                :
           Debtor(s)            :
                                :   CHAPTER 13 PLAN
                                :      (Indicate if applicable)
                                : (  ) MOTION TO AVOID LIENS
                                : (  ) MOTION TO VALUE COLLATERAL
                                :
                                : ( X) ORIGINAL PLAN
                                : (  ) AMENDED PLAN
                                :      (Indicate 1st, 2nd, 3rd, etc)
************************************************************************
```

## YOUR RIGHTS WILL BE AFFECTED

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## PLAN PROVISIONS

**DISCHARGE:** (Check one)

( X ) the Debtor will seek a discharge of debts pursuant to Section 1328(a).

(   ) the Debtor is not eligible for a discharge of debts because the Debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

( X ) this plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. Payments by the Debtor of $358.00 per month for sixty months. This monthly plan payment will begin in December 2010.

    B. In addition to the above specified plan payments, the Debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows:
    from the sale of property (describe property).

    All sales will be completed by            .
    Other lump sum payments shall be paid to the Trustee as follows**:**

    Other payments from any source (describe specifically) shall be paid to the Trustee as follows:

    C. **For amended plans:**
    (1) The plan payments by the Debtor shall consist of the total amount previously paid $0.00 added to the new monthly payment in the amount of 0.00 for the remaining       months of the plan for a total base amount, as amended, of $0.00, plus other payments and property stated in Paragraph B above.

    (2) The payment amount shall change effective August 2010.

    (3) the Debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

    D. The Debtor is responsible for funding the plan.

2. **SECURED CLAIMS**

    A. <u>Adequate Protection Payments under Section 1326</u>. Adequate protection payments in the following amounts will be paid by the Debtor to the trustee monthly and disbursed by the trustee to the following creditor. Distributions prior to plan confirmation will be made at Level 1. Upon confirmation, these distributions will change to Level 4.

| Name of Creditor | Address | Account # | Payment |
|---|---|---|---|
| **N/A** | | | |

|  |  |  |  |  |
|---|---|---|---|---|

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **Wachovia Bank, N.A Central Bankruptcy Dept. VA 7359 P.O. Box 13765 Roanoke, VA 24037 Accctt#0048613129** | 431 Crown Ave., Scranton, PA 18505 | **$633.91** | **$91,563.00** | **Unknown** |
| **Ally P.O. Box 380901 Bloomington, MN 55438 Acct#020912596449** | **2005 GMC Sierra** | **$451.87** | **$15,352.00** | **Unknown** |
| **HSBC/Kawaski Retail Services P.O. Box 15521 Wilmington, DE 19850 Acct#0800611104655952** | **2008 Kawaski Brute Force** | **$103.00** | **$4,408.00** | **Unknown** |

C. <u>Arrears</u>.

| Name of Creditor | Description of Collateral | Pre-petition Arrears to be Cured | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| **Wachovia Bank, N.A Central Bankruptcy Dept. VA 7359 P.O. Box 13765 Roanoke, VA 24037 Accctt#0048613129** | 431 Crown Ave., Scranton, PA 18505 | **$2,460.03** | N/A | $2,460.03 |

| Ally<br>P.O. Box 380901<br>Bloomington, MN 55438<br>Acct#020912596449 | 2005 GMC Sierra | $474.46 | N/A | $474.46 |
|---|---|---|---|---|
| HSBC/Kawaski Retail Services<br>P.O. Box 15521<br>Wilmington, DE 19850<br>Acct#0800611104655952 | 2008 Kawaski Brute Force | $108.15 | N/A | $108.15 |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED IN THE PLAN OR AN ADVERSARY ACTION WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY FO THE LIEN (Select method in last column):

| Name of Creditor | Description of collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

*PLAN INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN.

E. <u>Other Secured Claims</u>.

| Name of Creditor | Description of collateral | Principal balance of Claim | Interest Rate | Total to be paid in the plan |
|---|---|---|---|---|

| Lackawanna County Tax Claim Bur. | 431 Crown Ave., Scranton, PA 18505 | $5,208.29 | N/A | $5,208.29 |
| Scranton Sewer Auth. | 431 Crown Ave., Scranton, PA 18505 | $457.63 | N/A | $ 457.63 |

    F.    <u>Surrender of Collateral</u>:

| Name of Creditor | Description of collateral to be Surrendered |
|---|---|
| N/A | |

    G.    <u>Lien Avoidance</u>. The Debtor moves to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of collateral |
|---|---|

**3.    PRIORITY CLAIMS**

    A.    Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| **Internal Revenue Service** | $5,845.42 |
| **PA Dept. Of Revenue** | $1,280.00 |
| **Collector of Taxes** | $1,033.00 |

    B.    <u>Administrative Claims</u>:

        (1)    Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

        (2)    Attorney fees. In addition to the retainer of $ 1,000.00. Already paid by the Debtor, the amount of $2,500.00 In the plan.

4.  **UNSECURED CLAIMS**

    A.  <u>Claims of Unsecured nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

    B.  <u>Claims of General Unsecured Creditors</u>. The Debtor estimates that a total of $823.02 to general unsecured creditors will be available for distribution on a pro-rata basis. The Debtor calculates that a minimum of $858.00 must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the Debtor calculates that a minimum of $0.00 Must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

5.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6.  **REVESTING OF PROPERTY:** (Check One)

( ) Property of the estate will vest in the Debtor upon confirmation.
( x ) Property of the estate will vest in the Debtor upon closing of the case.

7.  **OTHER PLAN PROVISIONS**

    **The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:**

    **Chapter 13 Trustee**          $ 1,290.00 (est.)
    **Tullio DeLuca, Esq.,**        $ 2,500.00
    **Wachovia Bank- arrears**      $ 2,460.03
    **Ally -arrears**               $   474.46
    **HSBC/Kawaski**                $   108.15

| | |
|---|---|
| Scranton Sewer Auth. | $ 457.63 |
| Lackawanna County Tax Claim Bur. | $ 5,208.29 |
| Internal Revenue Service | $ 5,845.42 |
| PA Dept. Of Revenue | $ 1,280.00 |
| Collector of Taxes | $ 1,033.00 |
| Unsecured Creditors | $ 823.02 |
| Total: | $21,480.00 |

**The Chapter 13 Trustee payment shall be made to the following address:**

        **CHARLES J. DEHART, III, ESQ.**
        **P.O. BOX 7005**
        **LANCASTER, PA 17604**

**( X )** **(A)** <u>Optional provision regarding duties of certain mortgage holders and services.</u> Property of the estate vests upon closing of the case, and debtor elects to include the following provisions. (Check if applicable)

Confirmation of the plan shall impose an affirmative duty on the holders and/or services of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the debtor to do the following:

(1)    Apply the payments received from the trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

(2)    Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)    Apply the post-petition monthly mortgage payments made by the debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) Notify the debtor and the attorney for the debtor, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(5) Notify the debtor, and the attorney for the debtor, in writing, of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(6) Within 60 days after receipt of a written request made by the debtor to the servicer or mortgage lender, with a copy served upon its counsel, the servicer or mortgage lender shall provide debtor and his counsel a statement detailing the following amounts paid by the debtor post-petition: (1) all payments applied to the principal balance; (2) all payments applied to interest; (3) all payments applied to any escrow account; (4) all payments applied to any pre-petition arrearage claim and the remaining balance; and (5) all fees and charges alleged to have accrued post-petition, along with an explanation thereof. The statement may be in the form of a post-petition ledger prepared by the servicer or lender provided the documents used to prepare same are also provided. The debtor may (I) challenge this information by filing a motion with the court, to be served upon the holder and the Trustee, (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines are due, or (iii) take no action at all. To the extent that amounts set forth are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the rights of the holder to collect these amounts will be unaffected.

( ) B  Other provisions. (Check if applicable. Describe below.)

**8. ORDER OF DISTRIBUTION:**

Payments from the plan will me made by the trustee in the following order:

Level 1: _____

Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Secured claims, pro rata.
Level 5:   Priority claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   General unsecured claims.
Level 8:   Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.


Dated:  November 29, 2010         /s/Christopher M. Barletta
                                  Debtor


                                  /s/Tullio DeLuca
                                  Attorney for Debtor